JOSHUA A. NICKERSON *vs.* PROVIDENCE POLICE ASSOCIATION.

PROVIDENCE—MARCH 16, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Police Constables. Police Association.    Beneficial Associations.    By-Laws.*

By-laws of defendant association provide for dues "From active members of the police force, the sum of two dollars per annum," and "from members of the police force after five years continuous membership in the association, and who may leave the force honorably, the sum of eight dollars per annum." A rule of the Board of Police Commissioners of the city of Providence provides that the permanent police force shall consist of the police constables fit for active duty, and also of such as have been placed upon the superannuated list or shall be placed upon the pension roll.

Plaintiff, a member of the defendant association, was placed upon the pension roll. Upon the question whether plaintiff was an active member of the police force:—

*Held,* that plaintiff, as a member of the force by virtue of the above rule, was within the first clause of the by-laws of defendant, and a demand for dues, as from one who had left the force, was unwarranted.

ASSUMPSIT. Heard on agreed statement of facts. Judgment for plaintiff.

STINESS, C. J. The plaintiff sues to recover dues paid to the association, under protest, and sick benefits, as a member of the association, which it refused to pay; and the case is submitted on an agreed statement of facts.

(1) The members of the association, under its charter, are those

members of the police force of the city of Providence who comply with the by-laws and pay assessments for its beneficial objects.

The by-laws involved in this case provide for dues: "From active members of the police force, the sum of two dollars per annum," and "From members of the police force, after five years continuous membership in the association, and who may leave the force honorably, the sum of eight dollars per annum."

A distinction is also made, as to sick benefits, between active members of the police force and those who have retired from it.

After the adoption of the by-laws, and while the plaintiff was still a member of the police force, the act was passed by the General Assembly constituting the Board of Police Commissioners of the city of Providence, which board adopted the following rule: "The permanent police force shall consist of such number of police constables, fit for active duty, as the board of police shall from time to time determine, and also of such police constables as have been placed upon the superannuated list or shall be placed upon the pension roll. Members of the police force shall perform such duties by day and by night, either as police constables or city watchmen, or both as the board of police may from time to time require."

The Board also adopted a rule that a police constable who shall become unfit to perform active duty by reason of age, infirmity, or other cause, may be placed upon the pension roll, in the discretion of the board, and the plaintiff has been placed on the pension roll.

Under these rules the question is raised whether the plaintiff is within the first or second clause of article IX of the by-laws of the defendant; that is, whether he is an active member of the police force.

Although he may not be an active member of the police force as now constituted, yet we think he must be regarded as within the first clause, because the distinction in the by-laws is between "active members of the police force" and those who leave it. Clearly the plaintiff has not left the force. He

is still a member of it by the terms of the rule of the board of police. He is subject to call by day or night, and he is distinguished from one who resigns and thereby forfeits all claim to the pension fund. The rules of the board of police have no provision for "active" members of the force as such, but they include both those fit for active duty and those on the pension rolls as parts of the police force. The word "active" in the by-law of the defendant corporation has no application at present, whatever it may have had under a former constitution of the police force.

The demand of dues, therefore, from the plaintiff under the second clause of the by-law, as from one who had left the force, was unwarranted.

The same construction applies to the second clause of section 2, article IX, of the by-laws, as to sick benefits, and under it the plaintiff does not come within the class receiving full pay.

The plaintiff is entitled to judgment.

*Cooke & Angell*, for plaintiff.

*Albert A. Baker*, for defendant.